1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  OM FINANCIAL LIFE INSURANCE
    COMPANY,

11
                Plaintiff,                    No. CIV S-11-0728 JAM GGH
12
         vs.

13

14  KENNETH FERRARI, et al.,
                                              FINDINGS AND RECOMMENDATIONS
15
                Defendants.

16  _____/

17          Plaintiff's motion for entry of default judgment against defendant Jean A.

18  Mueller, filed June 30, 2011, was submitted on the record.  Local Rule 230(h).  Upon review of

19  the motion and the supporting documents, and good cause appearing, the court issues the

20  following findings and recommendations.

21  BACKGROUND

22          On March 16, 2011, plaintiff filed the underlying complaint in interpleader,

23  regarding disputed interests by defendants Kenneth Ferrari and Jean Mueller who are rival

24  claimants to the proceeds of an annuity policy ("Policy").  Plaintiff is the insurer of the Policy

25  which benefit is now due as a result of the death of the insured, Peter Ferrari.  Plaintiff seeks to

26  interplead the Policy's death benefit of $38,684.39 plus interest.  The summons and complaint

1

1    were personally served on defendant Jean Mueller by personal service on March 17, 2011.  Fed.

2    R. Civ. P. 4(e)(2).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th

3    Cir. 1985) (default judgment void without personal jurisdiction).  Defendant Mueller has failed

4    to file an answer or otherwise appear in this action.  On May 27, 2011, the Clerk entered default

5    against defendant Mueller.

6           Notice of the request for entry of default and the instant motion for default

7    judgment and supporting papers were served by mail on defendant Mueller at her last known

8    address.  Defendant Mueller has filed no opposition to the motion for entry of default judgment.

9    Plaintiff seeks an entry of default judgment against defendant Mueller in the form of a permanent

10   injunction, declaratory relief and costs in the amount of $530.00.

11   DISCUSSION

12          Entry of default effects an admission of all well-pleaded allegations of the

13   complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.

14   1977).  The court finds the well pleaded allegations of the complaint state a claim for which

15   relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The

16   memorandum of points and authorities and affidavits filed in support of the motion for entry of

17   default judgment also support the finding that plaintiff is entitled to the relief requested.  There

18   are no policy considerations which preclude the entry of default judgment of the type requested.

19   See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

20          After determining that entry of default judgment is warranted, the court must next

21   determine the terms of the judgment.  There are two purposes for an interpleader action: (1) to

22   protect the party depositing funds with the court from secondary, follow-up actions by

23   disappointed creditors to the fund, i.e., all claims to the deposited fund should be adjudicated in

24   one action; (2) to protect the resources of the "innocent" interpleading party.  See Mack v.

25   Kuckenmeister, 619 F.3d 1010, 1024 (9th Cir. 2010).  Plaintiff seeks an order permanently

26   enjoining defendant Mueller "from instituting or prosecuting any proceeding in any State, or

2

1    United States, Court against OM Financial with respect to the annuity policy number 03052880,

2    that is the subject of this action;" an order declaring OM Financial is discharged from all liability

3    to Mueller in this action or under the Policy, as OM Financial has deposited the Policy with the

4    Clerk of the Court; and costs in the amount of $530, which includes costs of service of process

5    and the filing fee.

6                    The injunctive and declaratory relief requested is reasonable and specifically

7    tailored.  The costs requested are also reasonable.  This court will recommend that plaintiff's

8    request for injunctive and declaratory relief be granted in accordance with terms set forth in

9    plaintiff's proposed judgment.  Plaintiff has failed, however, to propose a determination of the

10   rights of the remaining defendant, Ferrari, to the proceeds as requested in the complaint.  Plaintiff

11   has also failed to request disbursement of these funds which are in the court's registry.  Without a

12   determination of these matters, the court could only enter partial judgment under Fed. R. Civ. P.

13   54(b), and such a judgment is only permitted upon a determination "that there is no just reason

14   for delay."  Plaintiff has failed to make such a showing.

15                   The court can, however, enter a final judgment under Rule 55(b)(2) where all

16   matters are disposed of, and such a determination is permissible in this case.  The second stage of

17   an interpleader action only makes sense where there is more than one claimant remaining in the

18   action, and further litigation is necessary to determine their relative rights to the fund.  W.W.

19   Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 10:192 (2011).

20   See also Western Conference of Teamsters Pension Plan v. Jennings, 2011 WL 2609858, *5

21   (N.D. Cal. June 6, 2011) (finding purpose of second stage is to adjudicate adverse claims of

22   defendants).  "[T]his bifurcation is not mandatory, however, and the entire action may be

23   disposed of at one time."  Id.  In fact, "[c]learly, if all but one named interpleader defendant

24   defaulted, the remaining defendant would be entitled to the fund."  Nationwide Mut. Fire Ins. Co.

25   v. Eason, 736 F.2d 130, 133 n. 4 (4th Cir. 1984).  The default of potential claimants expedites the

26   interpleader action to conclusion by obviating the second stage of the proceeding.  New York

1   Life Ins. Co. v. Connecticut Development, 700 F.2d 91, 95 (2d Cir. 1983).

2          Here, there is only one claimant remaining after defendant Mueller's default is

3   entered, and that is defendant Kenneth Ferrari.  Both the complaint and Ferrari's answer establish

4   his right to the interpleaded funds.  The complaint alleges that Kenneth Ferrari is the grandson of

5   policy holder Peter Ferrari, and was the named beneficiary of the Policy at the time of Peter

6   Ferrari's death.  (Compl., ¶ 3.)  The answer admits these allegations.  (Answer, ¶ 3.)  The answer

7   requests judgment to the effect that Kenneth Ferrari is the sole beneficiary of the policy and that

8   the funds be awarded to him.  (Id. at 3.)   As the only remaining claimant with a right to the funds

9   having been established, Kenneth Ferrari is entitled to the interpleaded funds.  See Mack v.

10  Kuckenmeister supra; Jennings, 2011 WL 2609858 at *4.  Although plaintiff's proposed order

11  fails to request judgment in favor of this claimant, the undersigned will so recommend.

12  CONCLUSION

13          In view of the foregoing findings, it is the recommendation of this court that:

14          1.  Plaintiffs' motion for entry of default judgment be GRANTED against

15  defendant Mueller.

16          2.  Defendant Mueller be permanently enjoined from instituting or prosecuting

17  any proceeding in any State, or United States, Court against OM Financial with respect to the

18  annuity policy number 03052880, that is the subject of this action;

19          3.  OM Financial be discharged from all liability to Mueller in this action or under

20  the Policy;

21          4.  Defendant Kenneth Ferrari be entitled to all of the proceeds of the Policy at

22  issue, less costs awarded to OM Financial as set forth herein;

23          5.  The Clerk of the Court be directed to disburse the funds placed in the registry

24  by OM Financial in connection with this action, to Kenneth Ferrari, *less costs to be disbursed to*

25  *OM Financial* as set forth herein;

26  \\\\

6.  OM Financial be awarded and the Clerk of the Court be directed to disburse costs to OM Financial in the amount of $530.00 from the registry; and

7.  Judgment and cost of $530.00 be entered in favor of defendant Ferrari, and the Clerk of the Court be directed to close this case; defendant Ferrari can recover such costs from the defaulting defendant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 13, 2011

                                        /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

GGH:076/OMFinan0728.def.wpd

5